# NO. 12-15-00045-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BRANDON BENARD BRIGHT,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

This appeal is being dismissed for want of jurisdiction. Following a guilty plea, Appellant was convicted of aggravated assault with a deadly weapon and sentenced to imprisonment for twenty years.

In a criminal case, the notice of appeal must be filed within thirty days after sentence is imposed or within ninety days after that date if a motion for new trial is filed. TEX. R. APP. P. 26.2(a). Appellant's sentence was imposed on September 29, 2014, and he did not file a motion for new trial. Therefore, his notice of appeal was due to have been filed no later than October 29, 2014. However, Appellant did not file his notice of appeal until February 20, 2015. Because Appellant's notice of appeal was not filed on or before October 29, 2014, it was untimely, and this court has no jurisdiction of the appeal.

On July 7, 2015, after previously dismissing and reinstating the appeal, this court notified Appellant that his notice of appeal was untimely and there was no timely motion for an extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.2(a)(1), 26.3. Appellant was further informed that the appeal would be dismissed unless the information in this appeal was amended, on or before July 17, 2015, to show the jurisdiction of this court.

On July 15, 2015, Appellant filed a motion for extension of time to show the jurisdiction of this court. He alleges that he wants to appeal because of his incompetence to make the right

decision (presumably his decision to plead guilty). He requests an extension of thirty days to present his "legal work" to prove that his lawyer knew he was incompetent but failed to request a competency hearing and have him evaluated. However, such a showing would not change the fact that his notice of appeal was untimely.

Because this court is not authorized to extend the time for perfecting an appeal except as provided by Texas Rules of Appellate Procedure 26.1 and 26.3, we ***overrule*** Appellant's motion for extension of time and ***dismiss*** the appeal ***for want of jurisdiction***.[1]  *See **Slaton v. State***, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); ***Olivo v. State***, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

Opinion delivered August 5, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[1] We also note that the trial court certification states this is a plea bargain case and "THE DEFENDANT HAS NO RIGHT OF APPEAL[.]"



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

AUGUST 5, 2015

NO. 12-15-00045-CR

**BRANDON BENARD BRIGHT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0861-14)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*